IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**LEROY TOWNSEND,**

             **Plaintiff,**

**v.**                                    **Civil Action No. 1:16cv180**
                                                **(Judge Keeley)**

**ANGELA GYORKO, Case Manager;**
**LORI SMITH, Unit Manager; JAMES**
**FAYEY, Case Manager; and JAMES**
**DUNN, Associate Warden,**

             **Defendants.**

### ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 46]

On August 31, 2016, the pro se plaintiff, Leroy Townsend ("Townsend"), filed a Bivens[1] action against multiple employees at FCC Hazelton (Dkt. No. 1), alleging that the defendants, motivated by racial discrimination and retaliation, falsified information regarding unresolved criminal charges in his inmate file, and, therefore, limited his educational, vocational, and transfer opportunities while incarcerated. Id. Pursuant to 28 U.S.C. § 636 and the local rules, the Court referred the action to the magistrate judge for initial review. On March 1, 2017, the defendants filed a motion to dismiss or, in the alternative, motion for summary judgment (Dkt. No. 34). On March 20, 2017, Townsend

---

[1] Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 390 (1971).

1

filed his response in opposition, styled as a motion for summary judgment (Dkt. No. 39).

On January 16, 2018, Magistrate Judge Michael J. Aloi entered a Report and Recommendation ("R&R"), recommending that the Court grant the defendants' motion to dismiss or, in the alternative, motion for summary judgment, and dismiss Townsend's complaint (Dkt. No. 46). After thoroughly reviewing the record in the case, the R&R concluded that Townsend had failed to fully exhaust his administrative remedies with respect to his claims regarding his unresolved criminal charges and security classification. Id. at 15-16. It further concluded that Townsend had never administratively asserted allegations of racial discrimination or retaliation, nor had he ever administratively claimed that his educational, vocational, or transfer opportunities had been limited. Id. at 15.

The R&R also informed the parties of their right to file "written objections identifying those portions of the recommendation to which objection is made and the basis for such objections." Id. at 19. It further warned them that failure to do so may result in waiver of the right to appeal. Id. No party has filed any objections to the R&R.

When reviewing a magistrate judge's R&R, the Court must review de novo only those portions of the R&R to which an objection has

been timely made. 28 U.S.C. § 636(b)(1)(C). On the other hand, "the Court may adopt, without explanation, any of the magistrate judge's recommendations to which the prisoner does not object." Dellacirprete v. Gutierrez, 479 F. Supp. 2d. 600, 603-04 (N.D.W. Va. 2007)(citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 2005)). Courts will uphold those portions of the recommendation to which no objection has been made unless they are "clearly erroneous." See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Because no party has objected, the Court is under no obligation to conduct a de novo review. Dellacirprete, 479 F. Supp. at 603-04. Upon Review of the R&R and the record for clear error, the Court:

1. **ADOPTS** the R&R (Dkt. No. 46);
2. **GRANTS** the defendants' motion to dismiss or, in the alternative, motion for summary judgment (Dkt. No. 34);
3. **DENIES as MOOT** Townsend's motion for summary judgment (Dkt. No. 39); and
4. **DISMISSES** Townsend's complaint **WITHOUT PREJUDICE** (Dkt. No. 1).[2]

---

[2] The R&R recommended that the complaint be dismissed with prejudice, however, the Court notes that dismissals based on a

3

**TOWNSEND V. GYORKO ET AL.**                                1:16CV180

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 46]**

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to transmit copies of this Order to counsel of record and the pro se plaintiff, certified mail and return receipt requested, to enter a separate judgment order, and to remove this case from the Court's active docket.

DATED: March 5, 2018.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

---

plaintiff's failure to exhaust his administrative remedies are typically without prejudice, and it finds no reason to hold otherwise here.